UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X          **CIVIL ACTION NO.**
DEAN RANKINE,

                      Plaintiff,

                                               **COMPLAINT**

    -against-

CITY OF NEW YORK, POLICE OFFICER
DANIEL CONNORS and POLICE OFFICER
WALTER WARKENTHIEN,
                                               **JURY TRIAL DEMANDED**

                      Defendants.
------------------------------------X

     Plaintiff, complaining of the defendants, by his attorney, LAW
OFFICES OF MICHAEL DREISHPOON, respectfully shows to this Court and
alleges:

                         **THE PARTIES**

     1.   At all times hereinafter mentioned, plaintiff, DEAN
RANKINE, was and still is a resident of the State of New York,
Queens County.

     2.  At all times relevant and material herein, defendant, CITY
OF NEW YORK, was and still is a domestic municipal corporation,
duly organized and existing under, and by virtue of, the Laws of
the State of New York.

     3.   At all times relevant and material herein, defendant,
POLICE OFFICER DANIEL CONNORS (Tax Registry No. 952612)
(hereinafter referred to as "P.O. CONNORS"), was an employee of the
New York City Police Department(hereinafter referred to as the
"NYPD").

4.   At all times relevant and material herein, defendant, POLICE OFFICER WALTER WARKENTHIEN (Tax Registry No. 953559) (hereinafter referred to as "P.O. WARKENTHIEN"), was an employee of the NYPD.

## JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 in that it alleges a claim for relief arising under 42 U.S.C. § 1983.

6.   Additionally, this Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. § 1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

7.   Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district or, in the alternative, defendant CITY OF NEW YORK, is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING TO ALL OF PLAINTIFF'S CLAIMS

8.   At all times relevant and material herein, defendant, CITY OF NEW YORK, maintained, managed, supervised and controlled the NYPD as part of, and in conjunction with, its municipal functions.

2

9.   At all times relevant and material herein, defendants, P.O. CONNORS and P.O. WARKENTHIEN, were employees of the NYPD.

10.  At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, employed and supervised P.O. CONNORS and P.O. WARKENTHIEN.

11.  Upon information and belief, P.O. CONNORS and P.O. WARKENTHIEN, were graduates of the NYPD's Police Academy.

12. At all times relevant hereto, defendant, CITY OF NEW YORK, had the duty to competently and sufficiently train, within the Police Academy and at the command, precinct and patrol levels, P.O. CONNORS and P.O. WARKENTHIEN, and to conform their conduct to a standard for the protection of individuals, such as Plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as to not intentionally, wantonly and/or negligently injure citizens such as Plaintiff.

13. In addition, at all times relevant hereto, defendant, CITY OF NEW YORK, had the duty to competently and sufficiently train, within the Police Academy and at the command, precinct and patrol levels, P.O. CONNORS and P.O. WARKENTHIEN in the protection of the rights of Plaintiff under the Constitution of the United States of America.

14. Upon information and belief, and at all times hereinafter mentioned, P.O. CONNORS and P.O. WARKENTHIEN were acting in their capacity as an employees, agents and/or servants of defendant, CITY

3

OF NEW YORK.

15. At all times hereinafter mentioned, P.O. CONNORS and P.O. WARKENTHIEN were acting under the color of state law.

16. At all times herein mentioned, the defendants' acts constituted "state action."

17. Upon information and belief, on Sunday, July 12, 2015, at approximately 3:45 A.M., NYPD police officers arrived at a home located at 119-14 180th St., Jamaica, NY 11434 pursuant to a noise complaint.

18. A party/barbecue was going on in the backyard of the house in question.

19. Plaintiff was one of three dee jays at the party/barbecue.

20. In addition, Plaintiff was helping with the preparation and serving of the food.

21. Shortly after arriving, many of the NYPD officers entered the backyard.

22. P.O. CONNORS and P.O. WARKENTHIEN were among these officers.

23. P.O. CONNORS and P.O. WARKENTHIEN approached Plaintiff and asked him to leave.

24. Plaintiff informed the officers that he couldn't leave until he disassembled his dee jay equipment.

4

25. P.O. CONNORS and/or P.O. WARKENTHIEN then asked Plaintiff to produce some form of identification.

26. When Plaintiff reached into his pocket to retrieve his ID, P.O. CONNORS and/or P.O. WARKENTHIEN threw Plaintiff to the ground.

27. P.O. CONNORS or P.O. WARKENTHIEN placed his knee on Plaintiff's back.

28. P.O. CONNORS or P.O. WARKENTHIEN struck Plaintiff on the head with his flashlight.

29. As a result of this blow to the head, Plaintiff lost consciousness.

30. P.O. CONNORS or P.O. WARKENTHIEN handcuffed Plaintiff and detained him against his will.

31. P.O. CONNORS placed Plaintiff under arrest.

32. P.O. CONNORS, P.O. WARKENTHIEN and other officers picked up Plaintiff and carried him out to the street.

33. The officers laid Plaintiff in the street with his head propped up against a police vehicle.

34. Shortly thereafter, officers picked up Plaintiff and laid him across the backseat of the police vehicle.

35. Plaintiff regained consciousness when the police vehicle arrived at the 113th Precinct.

36. At some point in time thereafter, Plaintiff was taken to the emergency room at Queens Hospital Center where he was treated and released.

5

37. Police officers then took Plaintiff back to the 113th Precinct.

38. Plaintiff was charged with Assault in the Second Degree (Penal Law § 120.05), Obstructing Governmental Administration in the Second Degree (Penal Law § 195.05), Resisting Arrest (Penal Law § 205.30) and Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01).

39. The above actions of P.O. CONNORS and P.O. WARKENTHIEN were done without probable cause, just cause, reasonable grounds or provocation, and placed Plaintiff in imminent fear of unlawful touching.

40. In addition, P.O. CONNORS and P.O. WARKENTHIEN actually touched Plaintiff in a hostile, aggressive, excessive, unlawful and offensive manner without Plaintiff's consent and with the intention of harmful or offensive bodily contact.

41. By reason of the foregoing acts by the defendants, Plaintiff sustained the following injuries: abrasions and hematomas on the left side of his face and head; a laceration on his forehead that resulted in a scar; a chipped front tooth; contusions, swelling and cuts on his finders and knuckles; soft-tissue neck and back sprains and strains.

42. As a result of these injuries, Plaintiff suffered, and will continue to suffer, continuous pain, suffering and anguish.

43. By reason of the foregoing acts by the defendants, Plaintiff was caused emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

44. By reason of the foregoing, Plaintiff was compelled to remain incarcerated for approximately fourteen (14) hours until he was released from custody after his arraignment at approximately 5:00 P.M. on July 12, 2015.

45. Plaintiff was the subject of a New York City Criminal Court Complaint until he pled guilty to Disorderly Conduct (Penal Law § 240.20) on April 4, 2016.

## ALLEGATIONS PERTAINING TO PLAINTIFF'S CLAIMS UNDER STATE LAW

46. Before the commencement of this action, and within ninety days of July 12, 2015, a Notice of Claim containing the information required by law was duly served upon defendant, CITY OF NEW YORK, on October 7, 2015.

47. On January 5, 2016, a hearing was held pursuant to New York State's General Municipal Law § 50-h.

48. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to defendant, CITY OF NEW YORK, and said defendant has neglected and/or refused to make payment or adjustment thereof.

## FIRST CLAIM FOR RELIEF
### (COMMON LAW NEGLIGENCE)

49. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

50. Defendant, CITY OF NEW YORK, was negligent in its operation, management, supervision and control of its department, as well as in the training and conduct of P.O. CONNORS and P.O. WARKENTHIEN, as well as the other officers involved.

51. As a result of the above-mentioned negligence, NYPD officers, two of whom were P.O. CONNORS and P.O. WARKENTHIEN, arrested and prosecuted Plaintiff.

52. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

## SECOND CLAIM FOR RELIEF (FALSE ARREST)
### (PURSUANT TO 42 U.S.C. § 1983)

53. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

54. On July 12, 2015, in the County of Queens, City and State of New York, the defendants, their agents, servants and/or employees wrongfully and falsely arrested, imprisoned and detained Plaintiff without any right or grounds therefore.

55. On July 12, 2015, the defendants wrongfully and falsely accused Plaintiff of committing the crimes of Assault in the Second Degree (Penal Law § 120.05), Obstructing Governmental Administration in the Second Degree (Penal Law § 195.05) , Resisting Arrest (Penal Law § 205.30) and Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01).

56. The arrest and imprisonment of Plaintiff was caused by the defendants, their agents, servants and/or employees without any warrant or other legal process, without authority of the law, and without any reasonable cause or belief that Plaintiff was guilty of such crimes.

57. The defendants, and/or the defendants agents, servants and/or employees, wrongfully, unlawfully, and without probable or reasonable cause, violently handcuffed, arrested and imprisoned Plaintiff.

58. In addition, with full force of arms, the defendants laid hold of and compelled Plaintiff to go with P.O. CONNORS, P.O. WARKENTHIEN and their brother police officers, and be detained and imprisoned in or near the 113th Precinct, located in the County of Queens, City and State of New York, for approximately fourteen (14) hours until released from the arraignment courtroom around 5:00 P.M. on July 12, 2015.

59. Plaintiff was wholly innocent of the above-mentioned criminal charges; nevertheless, he was forced by the defendants to

submit to the aforesaid arrest and imprisonment entirely against his will.

60. As a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees, acting under their employment and within the scope of their authority, made falsely, publicly and maliciously, Plaintiff was compelled to appear before a judge of the Criminal Court of the City of New York, Queens County and to be arraigned under docket number 2015QN034791 on July 12, 2015.

61. The defendants, their agents, servants and/or employees, as set forth above, on or about the above date, time and place, intended to confine Plaintiff. In addition, Plaintiff was conscious of the confinement, did not consent to the confinement, and the confinement was not otherwise privileged.

62. By reason of the false arrest, imprisonment and detention of Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted.

63. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

### THIRD CLAIM FOR RELIEF
### (COMMON LAW FALSE ARREST)

64. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

10

65. On July 12, 2015, at approximately 3:45 A.M., P.O. CONNORS and P.O. WARKENTHIEN and their brother officers arrived at a home located at 119-14 180th St., Jamaica, NY 11434 due to a noise complaint.

66.  Soon thereafter, P.O. CONNORS wrongfully and falsely arrested, imprisoned and detained Plaintiff, without any right or grounds therefore.

67. P.O. CONNORS wrongfully and falsely arrested Plaintiff and charged him with committing the crimes of Assault in the Second Degree, Obstructing Governmental Administration in the Second Degree, Resisting Arrest and Criminal Possession of a Weapon in the Fourth Degree.

68. The arrest and imprisonment of Plaintiff was caused by the defendants, their agents, servants and/or employees, without any warrant or other legal process, and without authority of the law, and without any reasonable cause or belief that Plaintiff was guilty of any crimes.

69. While Plaintiff was present at the above location, the defendants, their agents and/or employees, wrongfully and unlawfully, against his wish and without probable or reasonable cause, detained him, assaulted him, illegally searched him, and then arrested and imprisoned him.

70. By reason of the foregoing, Plaintiff was compelled to remain incarcerated for approximately fourteen (14) hours until he

11

was released from the courthouse at approximately 5:00 P.M. on July 12, 2015.

71. Plaintiff disposed of the case by pleading guilty to Disorderly Conduct (Penal Law § 240.20) on April 4, 2016.

72. Plaintiff was innocent of the charges set forth in the Criminal Complaint, and did not contribute in any way to the conduct of the defendants, their agents, servants and/or employees, and was forced by the defendants to submit to the aforesaid arrest and imprisonment against his will.

73. As a result of the aforesaid false, malicious and public accusations made by the defendants, their agents, servants and/or employees, acting under their employment and within the scope of their authority, Plaintiff was compelled to be imprisoned.

74. Defendants, their agents, servants and/or employees, as set forth above, on or about the above date, time and place, intended to confine Plaintiff.

75. Plaintiff was conscious of the confinement and did not consent to the confinement.

76. In addition, the confinement was not "privileged."

77. By reason of the aforesaid, Plaintiff has been damaged in an amount to be determined at a trial of this action, but believed to be in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorney's fees and such other relief as this court may deem just and proper.

## FOURTH CLAIM FOR RELIEF (ASSAULT AND BATTERY)
### (PURSUANT TO 42 U.S.C. § 1983)

78. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

79. P.O. CONNORS and/or P.O. WARKENTHIEN's conduct that constituted assault and battery of Plaintiff was excessive, unwarranted, unnecessary and violent, and violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York.

80. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

## FIFTH CLAIM FOR RELIEF
### (COMMON LAW ASSAULT)

81. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

82. The defendants are liable for the above-mentioned assault on Plaintiff.

83. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

## SIXTH CLAIM FOR RELIEF
### (COMMON LAW BATTERY)

84. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

85. The defendants are liable for the above-mentioned batter on Plaintiff.

86. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

**WHEREFORE**, Plaintiff demands judgment against the defendants as follows:

On each claim for relief, judgment in the amount of $1,000,000.00, and Plaintiff demands an additional sum of punitive damages against each defendant to be determined at the trial of this action; and in the event Plaintiff is a prevailing party, attorney's fees, interest, costs, and such other relief as this Court shall deem just and proper.

Dated: August 30, 2016

Yours, etc.,

Michael Dreishpoon, Esq.

14